**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:26-cv-01011 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1. The Complaint is difficult to follow. Plaintiff broadly alleges that the United States has "lost a prior patent application filed with the United States Patent and Trademark Office," and has allowed "its justice system to be used by states as a mechanism of sponsorship; the legal argument does not matter. It is an entirely fraudulent institution." *See id*. at 1–2. He contends that this fraud has manifested in the manipulation of Medicare and Medicaid, the educational system, and has spread to state governments, and he believes that participants in government programs are being manipulated. *See id.* at 2. Next, he alleges that the state of New York is "teaching people to malinger to gain access to social services," and "utilizing diagnoses as a method to discredit people." *See id*. He contends that he "has experienced the violation of almost all human rights while in New York, none of which have been resolved," and that "societal dynamics as manifested in the environment drawing out evolutionary regression is sufficient proof that communal life in New York has no

purpose." *See id*. at 3.  Plaintiff closes the Complaint by advocating for the Court to repeal the Eleventh Amendment and to "declare the prohibition of medically assisted suicide unconstitutional." *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).  When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject

matter jurisdiction.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

DATE: June 1, 2026                                  /s/ CHRISTOPHER R. COOPER
                                                 United States District Judge